IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

THEODORE A. HILL,                :
                                 :
    Plaintiff,                   :
                                 :
v.                               :         CIVIL ACTION 04-0482-M
                                 :
JO ANNE B. BARNHART,             :
                                 :
    Defendant.                   :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits for a closed period of June 29, 2000 and May 24, 2000 (Docs. 1, 9).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 13).  Oral argument was waived in this action (Doc. 15).  Upon consideration of the administrative record, and the memoranda of the parties, it is ORDERED that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

   Plaintiff was born November 13, 1958.  At the time of the administrative hearing, Hill was forty-one years old, had completed one year of college education (Tr. 89), and had previous work experience as a janitor, mechanic, pipefitter, courier and other assorted jobs (Tr. 69).  In claiming benefits, Plaintiff alleges disability due to degenerative joint disease and arthritis (Doc. 8 Fact Sheet).

   The Plaintiff protectively filed an application for disability benefits on November 16, 2000 (Tr. 49-52). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Hill had the ability to return to his past relevant work as a correctional officer or security officer (Tr. 16-33).  Plaintiff requested review of the hearing decision (Tr. 13-15) by the Appeals Council, but

it was denied (Tr. 3-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Hill alleges that the ALJ did not properly examine his complaints of pain (Doc. 8). Defendant has responded to—and denies—these claims (Doc. 9).

The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th

Cir. 1986).

The Court has reviewed the medical records from the Veteran's Administration Medical Center (Tr. 100-259) which reported Hill's statement of his pain based on a ten-point scale.  That scale has been defined as 0 equaling no pain, 1 - 3 equaling mild pain, 4 - 7 equaling moderate pain, and 8 - 10 equaling severe pain (*see, e.g.*, Tr. 161).  The following chart lists Plaintiff's own statements of his pain, listing the date, intensity, and transcript page number of each reference:

| Date | Intensity | Transcript |
|---|---|---|
| 9/21/00 | 9 | Tr. 185 |
| 9/29/00 | 0 | Tr. 181 |
| 10/27/00 | 1 | Tr. 168, 178-79 |
| 11/13/00 | 8-9, 6-7[1] | Tr. 174 |
| 12/1/00 | 8 | Tr. 167-68, 169 |
| 1/3/01 | 7 | Tr. 159, 161 |
| 1/25/01 | 0 | Tr. 148, 153 |
| 5/24/01 | 0 | Tr. 142 |
| 6/14/01 | 0 | Tr. 137 |
| 7/18/01 | 8, 9 | Tr. 128 |
| 7/24/01 | 6 | Tr. 122 |
| 7/31/01 | 5 | Tr. 121 |
| 10/3/01 | 3 | Tr. 109 |
| 10/4/01 | 9 | Tr. 107-08 |
| 10/10/01 | 3 | Tr. 106 |
| 10/11/01 | 2 | Tr. 104 |
| 10/25/01 | 2 | Tr. 104 |
| 10/31/01 | 2 | Tr. 104 |
| 11/27/01 | 9 | Tr. 100 |

---

[1] Plaintiff reported that his pain was eight-to-nine without medication, but six-to-seven with it (Tr. 174).

The ALJ, in his decision, cited the appropriate Eleventh Circuit authorities and found that although Plaintiff had met the first prong of the analysis, he had failed to meet either part of the second prong (Tr. 27).[2]  In reaching this decision, the ALJ discounted Plaintiff's statements of his pain and limitation as unsupported by the record; more specifically, the ALJ found Hill's statements to be inconsistent with his daily activities (Tr. 30).  The Court notes that Plaintiff has not challenged the ALJ's credibility finding here.  Furthermore, the Court finds that the ALJ's findings regarding Hill's daily activities—and rejection of his statements of severe pain—are supported by substantial evidence.  The chart above plainly demonstrates that Plaintiff's pain, by his own statements, was not as severe throughout the course of his asserted disability as he now claims.  Hill's claim otherwise is of no merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be

---

[2]The Court notes that *Landry* had two prongs while *Holt* split the second prong into two prongs with an either/or component.

**AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 23rd day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
